UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

In re:                                          Case No. 11-32645

EDWARD F. WALTERHOUSE,                          Chapter 7

    Debtor.                                 Hon. Daniel S. Opperman
_____/

OPINION DENYING MOTION FILED BY UBS FINANCIAL SERVICES, INC.
TO RECONSIDER COURT'S ORDER DENYING MOTION TO
DISMISS PURSUANT TO 11 U.S.C. § 707(a)

UBS Financial Services, Inc. ("UBSFS") has filed a Motion for Reconsideration of this Court's February 28, 2012, Opinion and Order Denying UBSFS's Motion To Dismiss this Chapter 7 bankruptcy case pursuant to 11 U.S.C. § 707(a) ("Section 707(a) Order"). The instant Motion was filed within 14 days after entry of the Section 707(a) Order and is, therefore, governed by Federal Rule of Bankruptcy Procedure 9023 and Local Rule of Bankruptcy Procedure, E.D. Mich. LBR 9024-1.

Pursuant to Rule 9024-1(a) of the Local Rules for the U.S. Bankruptcy Court for the Eastern District of Michigan, a motion for reconsideration may be filed within fourteen (14) days after the order to which it objects is issued. It should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect <u>and</u> that a different disposition of the case must result from a correction of such palpable defect. A motion that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. To establish a "palpable defect," the moving party generally must point to a: "(1) clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling

1

law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consolidated Schools*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (analyzing "palpable defect" standard in the context of a Rule 59(e) motion to alter or amend judgment, which was held to be consistent with the applicable local rule "palpable defect" reconsideration standard). An appellate court reviews a bankruptcy court's decision regarding a motion for reconsideration under an abuse of discretion standard.

Federal Rule of Civil Procedure 59 is incorporated by Federal Rule of Bankruptcy Procedure 9023. Rule 59(a)(2) provides that "[a]fter a nonjury trial, the Court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Rule 59(e) provides for the filing of "[a] motion to alter or amend a judgment." The Rule describes no standard, but does establish a 28-day deadline from entry of the judgment.

"A denial of a motion to alter or amend a judgment under Rule 59(e) is typically reviewed for abuse of discretion." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted). The Sixth Circuit allows for setting aside a judgment for "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *United States v. Ford Motor Co.*, 532 F.3d 496, 507 (6th Cir. 2008) (internal quotation marks and citation omitted) (applying standard where the plaintiff intended to file an amended complaint). "A motion under Rule 59(e) is not an opportunity to re-argue a case." *Chippewa Indians v. Engler*, 146 F.3d at 374 (citation omitted). "Rule 59(e) motions are aimed at reconsideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued." *Chippewa Indians v. Engler*, 146 F.3d at 374 (internal quotation marks

2

and citation omitted). A ruling in the context of a Rule 59(e) motion on an argument not previously raised amounts to an advisory opinion on a matter not before the Court. *Adcock v. Firestone Tire & Rubber Co.*, 822 F.2d 623, 627 (6th Cir. 1987) (vacating as "clearly improper" a ruling on a question "not mentioned in the complaint, nor by any party in a motion for summary judgment"). "'Under this standard [of review], the district court's decision and decision-making process need only be reasonable.'" The granting of a Rule 59(e) motion "is an extraordinary remedy and should be used sparingly." This is because a motion pursuant to Rule 59(e) "serve[s] the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Pequeno v. Schmidt (In re Pequeno)*, 240 Fed. Appx. 634, 636 (5th Cir. 2007) (internal citations and footnotes omitted).

UBSFS raises nine arguments in support of its Motion. The Court will address each argument in turn. The Court addresses each argument keeping in mind that each cannot be viewed in isolation; rather, a totality of the circumstances analysis is to be utilized when making a determination of whether dismissal pursuant to Section 707(a) is appropriate. *Industrial Insurance Service v. Zick (In re Zick)*, 931 F.2d 1124, 1127 (6th Cir. 1991) (citing *In re Bingham*, 68 B.R. 933 (Bankr. M.D. Pa. 1987)). Further, the Court notes that dismissal for cause is "confined carefully and is generally utilized only in those egregious cases that entail concealed or misrepresented assets and/or sources of income, and excessive and continued expenditures, lavish lifestyle, and intention to avoid a large single debt based on conduct akin to fraud, misconduct, or gross negligence." *Zick*, 931 F.2d at 1129 (citation omitted).

1. <u>The Debtor's testimony concerning payments to his parents–Factor 7</u>. While the Court acknowledges that the Debtor testified at the October 14, 2011, hearing he pays money to his parents in varying amounts on a monthly basis, the testimony was that such was to help them

financially when they need it, not to repay any debt owed to them. The Court concluded that, accordingly, this factor weighed in favor of Debtor, and finds it was not palpable error to conclude such.

2. <u>The Debtor's testimony concerning transferred assets–Factor 9</u>. The Court did recognize that Debtor transferred certain assets to his brother pre-petition in repayment of a debt owed to his brother. The Court also noted that this fact was mitigated by the contemporaneous context in which the debt was owed, i.e., assistance with parental support. The Court concluded that, accordingly, this factor weighed slightly in favor of Debtor, and finds it was not palpable error to conclude such.

3. <u>Debtor's lifestyle adjustments prior to and after the bankruptcy filing–Factor 2</u>. As to this factor, UBSFS simply does not agree with certain expenses Debtor has had post-petition. For the reasons stated in its February 28, 2012, Opinion, the Court finds it was not palpable error to conclude that Debtor has not continued a lavish lifestyle post-petition, nor was it error to distinguish the facts of this case from the much more egregious facts of the case of *Rahim v. Pacifica Loan Four, LLC (In re Rahim)*, 449 B.R. 527 (E.D. Mich. 2011), cited in this Court's February 28, 2012, Opinion. Thus, the Court concludes it was not palpable error to conclude this factor to be neutral or slightly weighing in favor of Debtor.

4. <u>Debtor's efforts to repay his debts–Factor 4</u>. UBSFS asserts that because Debtor allegedly paid his other debts with money that UBSFS loaned to Debtor, such cannot be considered as a factor weighing in favor of Debtor because it was not Debtor's own money used to repay. Assuming the funds can directly be traced to the UBSFS loan, the Court concludes that this argument is unpersuasive–the funds used to repay other debts were under Debtor's control. Further, Debtor's testimony supports the fact that Debtor could not pay the UBSFS judgment and

4

Debtor's attempts at negotiation were rejected by UBSFS.  There was no palpable error in concluding that Debtor's efforts to repay his debts weigh in favor of Debtor.

5. <u>Debtor's ability and resources to repay his debts–Factor 6</u>.  The ability to repay debts may constitute substantial abuse under § 707(b), but alone, cannot constitute cause under § 707(a). *See In re Bridges*, 135 B.R. 36, 37-38 (Bankr. E.D. Ky. 1991).  Nevertheless, this is a factor this Court must consider in its analysis.  The Court continues to conclude that while Debtor's future earning potential is relevant, such is speculative in the line of work he is in and under his agreement with Merrill Lynch, and is not remotely sufficient to pay his debt, the majority of which is the UBSFS debt.  The Court concludes there was no palpable error in concluding that Debtor's ability and resources to repay his debts is speculative.

6. <u>Debtor's obligation to Merrill Lynch–Factors 5 and 6</u>. UBSFS argues that the Court based its decision on Factors 6, discussed above, and Factor 5, discussing the unfairness of Debtor's use of Chapter 7, on a mistaken belief that the Merrill Lynch loan was not being actively repaid by Debtor and would be forgiven by Merrill Lynch once his obligation was fulfilled.  There is no question that the Merrill Lynch debt is owed, but that such is conditioned upon Debtor's performance as a financial advisor in a weak (albeit strengthening) economy.  This does not negate the fact that Debtor does not have a present or certain in the foreseeable future ability to pay the UBSFS debt.  The Court concludes that there was no palpable error in making its conclusions as to the Merrill Lynch debt based upon the evidence before it.

7. <u>Debtor's actions with regard to the UBSFS debt–Factor 11</u>. The Court finds no palpable error in its determination that Debtor did not engage in a pattern of evading UBSFS.  This is supported by Debtor's testimony that he first, disputed the circumstances under which the debt was incurred, and thereafter attempted to negotiate a settlement of the debt.  Debtor's actions with

5

regard to this debt were reactionary, with the bankruptcy filing being the breaking point with regard to this debt. There was no palpable error as to this factor.

8. <u>Debtor's debt in relation to his income–Factor 13</u>. UBSFS argues that Debtor's income is not modest in relation to his debts. The Court finds no palpable error in its determination that the UBSFS debt, which is at $1,000,000, not including his mortgage debt and debt to Merrill Lynch outweighs his current income, with further consideration given to the speculative nature of his employment as a financial advisor.

9. <u>Court's consideration of the potential impact on UBSFS if case continues and administered to conclusion</u>. The Court has fully considered the potential impact on UBSFS if the case continues and is fully administered, and determines there was no palpable error in finding the strong potential that UBSFS is likely to fare better if this case continues and is administered to completion by the Chapter 7 Trustee, rather than dismissed at this point. This is an independent factor the Court concludes was properly considered under the totality of the circumstances and weighs against the egregious circumstances, which would warrant dismissal pursuant to Section 707(a).

Accordingly, the Motion of UBSFS To Reconsider The Court's Opinion Denying its Motion To Dismiss Debtor's Chapter 7 Bankruptcy Case Pursuant to 11 U.S.C. § 707(a) is, accordingly, denied. The Court will enter an appropriate Order.

Not for Publication

**Signed on June 12, 2012**

       **/s/ Daniel S. Opperman**
       **Daniel S. Opperman**
       **United States Bankruptcy Judge**

6

11-32645-dof    Doc 109    Filed 06/12/12    Entered 06/13/12 06:45:10    Page 6 of 6